

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/4/08



JAN - 2 2008
CHAMBERS OF
JUDGE JOHN G. KOELTL

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVE STAVRIDIS**
*Special Federal Litigation Division*
(212) 788-8698
(212) 788-9776 (fax)

January 2, 2008

**By Fax: (212) 805-7912**
Hon. John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl St., Room 1030
New York, NY 10007

APPLICATION GRANTED
SO ORDERED
/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
1/3/08

Re:   Als v. The City of New York, et al., 07 CV 10730(JGK)

Your Honor:

    I am the Assistant Corporation Counsel representing defendant The City of New York (the "City") in the referenced civil rights action.[1] I am writing to request an extension of the City's time to answer or otherwise respond to the complaint from December 31, 2007[2] to February 28, 2008. I have contacted my adversary concerning this request and he consents to the enlargement.

    There are several reasons for this request. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. It is our understanding that the records of any underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of sending a

---

[1] Upon information and belief, defendant Police Officer Owen Hopper has not yet been served with a process as of this date. Although this office does not yet represent this defendant in this matter, and in the event that he is properly served, I respectfully request a corresponding enlargement so that his defenses are not jeopardized while representational issues are being decided.

[2] The undersigned was unable to file this request with the Court prior to December 31, 2007. Plaintiff's counsel, however, was contacted about this request prior to the answer due date and has consented to this late submission.

consent and authorization to plaintiffs' counsel for the release of those sealed records so that defendant can access the information, properly assess the case, and respond to the complaint. Second, because plaintiffs have also alleged physical injury resulting from the underlying events, this office is also in the process of forwarding a consent and authorization for the release of plaintiffs' medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident, so that defendant can properly assess the case and respond to the complaint. Finally, should the Court grant this enlargement, and assuming the defendant officer is properly served, it would also give this office time to determine, pursuant to Section 50-k of the New York General Municipal Law, and based upon a review of the facts of the case, whether we may represent these individual officer defendants. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made by defendant City of New York. Accordingly, I respectfully request that the City of New York's time to answer or otherwise respond to the complaint be extended to February 28, 2007.

I thank the Court for its consideration in this matter.

Respectfully submitted,

Steve Stavridis
Special Federal Litigation Division

cc:   Victor M. Brown, Esq. (By Fax: 212-227-2330)
      Attorney for Plaintiff